**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MYKOLA KERA | CIVIL ACTION NO. 26-0604 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRYAN PATTERSON, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

The Petitioner, Mykola Kera, has filed an ex parte motion for temporary restraining order. Record Document 15. For the following reasons, the Court finds that Petitioner is entitled to an order temporarily restraining the Government from executing his removal from the United States. Pursuant to Federal Rule of Civil Procedure 65(b), this order will remain in place for a period of fourteen days from entry.[1]

The Petitioner is a Ukrainian national lawfully paroled into the United States through 2027. Record Document 15-1, at 2-3; Record Document 15-3, at 3. Based on the record presented to the Court, the Department of Homeland Security ("DHS") has not revoked Petitioner's parole. Despite the Petitioner's parole status, DHS has detained Petitioner and initiated removal proceedings.

---

[1] The Petitioner has not sought a preliminary injunction, but he may do so. Otherwise, the temporary restraining order will expire after fourteen days unless Petitioner requests an extension before that time and provides good cause for the extension. Petitioner may re-urge his request for release pending removal in an application for preliminary injunction once the Respondents have had an opportunity to respond.

To obtain a temporary restraining order, the movant must show: (1) a substantial likelihood on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

First, Petitioner is likely to succeed on the merits of his habeas claim because his parole has not been revoked. *See, e.g.*, *Guerra Leon v. Noem*, No. 25-1495, 2025 WL 4113562, at *3 (W.D. La. Oct. 30, 2025) (noting that a petitioner was not removable until revocation of his lawful status). Second, Petitioner would suffer irreparable harm from removal because he faces a heightened risk of conscription as a former Ukrainian servicemember. *See* Record Document 15, at 4. Finally, a balance of the equites and public interest also weigh in Petitioner's favor. *Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that the final two TRO factors "merge when the Government is the opposing party."). The irreparable harm Petitioner would suffer, including his heightened risk of conscription and military combat, outweighs any injury to the Government's generalized interest in enforcement of its immigration laws. Furthermore, injunctive relief serves the public interest by ensuring the Government adheres to the regulatory process of revoking its own parole decisions.

The Court finds that Petitioner is entitled to a temporary restraining order prohibiting his removal from the United States. Petitioner may still be subject to

removal on some future date if his parole is revoked.  But until then, Petitioner is not removable.

     **DONE AND SIGNED** at Shreveport, Louisiana, this 2nd day of April, 2026.

                             ALEXANDER C. VAN HOOK
                        UNITED STATES DISTRICT JUDGE