**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MYKOLA KERA | CIVIL ACTION NO. 26-0604 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRYAN PATTERSON, ET AL. | MAGISTRATE JUDGE HORNSBY |

## <u>ORDER</u>

Previously, the Court issued a temporary restraining order prohibiting the removal of Mykola Kera ("Kera") for fourteen days. Record Document 19. In a memorandum accompanying that order, the Court reasoned that Kera was likely to succeed on the merits of his habeas petition because his parole had not been revoked. Record Document 18, at 2.

The Government has filed a motion for reconsideration arguing that Kera's parole was revoked when the Department of Homeland Security ("DHS") issued him a notice to appear for removal proceedings. Record Document 20, at 2-3. In support, the Government cited two cases, *L.M.G v. Almodovar*, No. 25-890, 2026 WL 483183 (S.D.N.Y. Feb. 20, 2026) and *Quintero v. Francis*, No. 25-10107, 2026 WL 265921 (S.D.N.Y. Feb. 2, 2026), for the principle that service of a written notice to appear is enough to revoke an alien's parole status. *Id.* at 3. The Court finds the Government's argument and authority persuasive.

Kera does not dispute that DHS has issued and served Kera multiple, written notices to appear. Record Document 25, at 1, 3. Because service of these written

notices to appear is enough to revoke Kera's parole, he is not likely to succeed on the merits of his habeas petition. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (requiring a movant show a substantial likelihood of success on the merits). Accordingly, a temporary restraining order is not warranted.

For the above reason, **IT IS ORDERED** that the motion for reconsideration is **GRANTED**. Record Document 20. **IT IS FURTHER ORDERED** that the temporary restraining order is **VACATED**. Record Document 19.

**DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of April, 2026.

_____

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE